IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSEPH L. MELTON, Defendant. | 4:18CR3070 **FINDING AND RECOMMENDATION** |

Defendant Joseph L. Melton moves the court to reconsider his motion to suppress ([Filing No. 34](#)) because newly discovered Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") documents and regulations support Defendant's position. ([Filing No. 85](#)). For the reasons discussed below, the motion to reconsider should be denied.

## BACKGROUND

The background of this case was set forth in the Findings, Recommendation, and Order entered for Defendant's motion to suppress. ([Filing No. 62](#)).

Since the denial of Defendant's motion to suppress ([Filing No. 74](#)), Defendant's counsel located ATF documents and regulations he contends support his claims that the evidence obtained or arising from the August 24, 2017 inspection must be suppressed. Defendant argues the government violated certain ATF rules prohibiting a warrantless search because there was reasonable cause to obtain a warrant.

1

Defendant cites to the following excerpts from the Industry Operations Manual dated October 2017 (IOI Manual):

> The DE[1] inspection program is designed to serve as a warrantless annual inspection. However, a warrantless inspection may not be conducted if ATF has reasonable cause to believe that the FFL[2] has engaged in a criminal violation of the GCA[3] and that evidence thereof may be found on the licensee's premises (in which case a probable cause warrant must be obtained). A warrant also must be obtained if the purpose of the inspection is to assist in the criminal investigation of the FFL.

(Ex. 5, at p. 3[4] § 62(c)).

> ATF special agents may not send an IOI[5] into a business in order to obtain criminal evidence on the licensee. The inspection cannot be initiated to further a criminal investigation.

(Ex. 5, at p. 4[6] § 63(c)(2)(d)). Additionally, Defendant points to the ATF's 1996 Legal Opinion (Legal Opinion) stating:

> Clearly, an inspection for the purpose of assisting law enforcement officials in building a criminal case against the licensee does not fit within the warrant exception for a criminal investigation of a person other than a licensee or the exception for tracing firearms. Nor do we believe that such an inspection could be characterized as an annual inspection to ensure that the licensee is complying with the recordkeeping requirements of the GCA. Accordingly, such an inspection would fall within the general requirement of section 923(g)(1)(A) that a warrant be obtained.

---

[1] DE refers to the Firearms Disposition Emphasis Inspection Program, also known as the firearms compliance inspection.
[2] Manufacturer's Federal Firearms License.
[3] Gun Control Act of 1968.
[4] Page 3 of exhibit 5 is page 29 of the manual.
[5] Industry Operations Investigator.
[6] Page 4 of exhibit 5 is page 30 of the manual.

(Ex. 3, at p. 1).

While the Government concedes ATF policy prohibits the use of an annual compliance inspection to further a criminal investigation, they argue ATF policy has not been violated. ([Filing No. 96, at CM/ECF p. 2](Filing No. 96, at CM/ECF p. 2)). The Government points to the 1996 Legal Opinion to support that under the circumstances of this case, the warrantless annual search was proper.

> Another situation, which may be presented, is when law enforcement officials (CE) have information concerning GCA violations by a licensee but lack sufficient information to commence an investigation of the licensee or to obtain a reasonable cause warrant. Rather, CE refers such information to Industry Operations for appropriate action. Since there is no criminal investigation of the licensee at the time of the inspection and no such investigation contemplated, the annual inspection without a warrant could legitimately be used to inspect the licensee. The fact that a referral from CE initiated the inspection would not, in and of itself, render the inspection improper. We do not interpret the 1986 amendments to the GCA as precluding communication between CE officials and Industry Operations personnel. Accordingly, if the inspection results in information concerning illegal activity of the licensee, such information could be referred to CE for appropriate action.

(Ex. 3, at pp. 1-2).

## ANALYSIS

It is unnecessary to decide whether there was a violation of ATF rules and regulations because a motion to suppress focuses on a Fourth Amendment analysis, not enforcement of agency rules. "A court's duty to enforce an agency regulation is most evident when compliance with the regulation is mandated by the Constitution or federal law." [United States v. Caceres, 440 U.S. 741, 749 (1979)](United States v. Caceres, 440 U.S. 741, 749 (1979)).

In Caceres, the IRS violated its own regulations when the IRS recorded conversations between taxpayers and agents without prior authorization. In the subsequent criminal proceedings, the taxpayer moved to suppress the statements. The Court held that while IRS regulations may have been violated, the taxpayer's constitutional rights were not. The Court denied suppression of the taxpayer's statements, reasoning:

> [T]his is not an APA [Administrative Procedures Act] case, and the remedy sought is not invalidation of the agency action. Rather, we are dealing with a criminal prosecution in which respondent seeks judicial enforcement of the agency regulations by means of the exclusionary rule. That rule has primarily rested on the judgment that the importance of deterring police conduct that may invade the constitutional rights of individuals throughout the community outweighs the importance of securing the conviction of the specific defendant on trial. In view of our conclusion that none of respondent's constitutional rights has been violated here, . . . our precedents enforcing the exclusionary rule to deter constitutional violations provide no support for the rule's application in this case.

Caceres, 440 U.S. at 754-55. "[T]he federal exclusionary rule, which forbids the use of evidence obtained in violation of the Fourth or Fifth Amendments, does not extend to violations of statutes and regulations." United States v. Kontny, 238 F.3d 815, 818 (7th Cir.2001) (refusing to suppress evidence where in violation of IRS regulations, a civil investigation continued even after the IRS investigator developed a firm indication of tax fraud).

As analyzed in Filing No. 62, the warrantless inspection of Defendant's highly regulated firearms business did not violate the Fourth Amendment. That conclusion remains true even assuming the officers violated internal ATF rules or policy by performing a warrantless inspection under 18 U.S.C. § 923(g)(1)(B), (see United States v. Biswell, 406 U.S. 311 (1972)), when they may have been able to first secure a warrant.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion for reconsideration filed by Defendant Melton (Filing No. 85) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 12th day of September, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge