# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18CR3070 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DEFENDANT'S OBJECTION TO |
| VS. | ) | MAGISTRATE JUDGE'S FINDINGS, |
| | ) | RECOMMENDATION, AND ORDER |
| JOSEPH L. MELTON, | ) | |
| | ) | |
| Defendant. | ) | |

In response to the Magistrate's "Finding Recommendation and Order" (Filing No. 97), Defendant Melton files this Objection. Specifically, the Findings, Recommendations and Order state that "[i]t is unnecessary to decide whether there was a violation of ATF rules and regulations because a motion to suppress focuses on a Fourth Amendment analysis, not enforcement of agency rules." Id. at 3. Because the issue in this case involves the failure of the Government to obtain an inspection warrant as required by law, the Fourth Amendment is at issue.

The Firearm Owners Protection Act of 1986 (FOPA) amended the Gun Control Act (GCA) and created the "inspection warrant" requirement in order to address concerns that the warrantless inspection process was being abused by the BATFE. Senate Judiciary Committee Report 583, 98th Congr., 2d Sess., at 15 (1984). Specifically, FOPA requires the BATFE to obtain an inspection warrant from a Federal Magistrate when there is "reasonable cause" to believe that a licensee has violated the GCA and evidence of the violation may be found at the business premises. 18 U.S.C. §923(g)(1)(B)(ii); §923(g)(1)(A)923; *See Also* 27 CFR 478.23 (only authorizing warrantless inspections absent "reasonable cause to believe a violation of the Act has occurred or that evidence of the violation may be found [at the business premises]").

As Mr. Melton's prior briefs set forth, an inspection warrant is different than the standard probable cause search warrant. The regulations at play were created to enforce the FOPA amendments in which Congress was clearly pulling back on the BATFE's statutory warrantless inspection authority. The newly discovered information directly refutes the Government's assertion that there was no need for an inspection warrant in this case and bolsters Mr. Melton's position that once the ATF had reason to believe that Mr. Melton was involved with criminal activity, a warrant was required. To hold otherwise completely guts the FOPA amendment and the Supreme Court has made it clear that Courts are to uphold the statutory language of Congress barring absurd results. Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254, (1992) (the cardinal canon of statutory interpretation is that the "legislature says in a statute what it means and means in a statute what it says there.")

WHEREFORE, Defendant asks that the Findings, Recommendation and Order of the Magistrate be rejected and the Defendant's Motion to Reconsider His Motion to Suppress (Filing No. 85) and his Motion to Suppress (Filing no. 34) be Sustained.

        Respectfully submitted,
        Joseph Melton, Defendant


By:    /s/ Justin Kalemkiarian
        Justin Kalemkiarian, #25415
        Berry Law Firm
        6940 O Street, Suite 400
        Lincoln NE 68510
        (402) 466-8444
        Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system which sent notification to the Assistant U.S. Attorney, on this 26th of September 2019.

/s/ Justin Kalemkiarian
Justin Kalemkiarian, #25415